**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.:<br>CV 304-095 |
| CITY OF DUBLIN POLICE DEPARTMENT, | |
| Defendant. | |

## CONSENT DECREE

This action was instituted on September 24, 2004, by the Equal Employment Opportunity Commission (hereinafter, the "Commission" or "EEOC") against the City of Dublin Police Department (hereinafter, the "Defendant" or "City of Dublin") pursuant to the Age Discrimination in Employment Act (hereinafter, the "ADEA") to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by refusing to hire Carl Box ("Box" or "Charging Party") as a police officer because of his age, 57. In its Complaint, the EEOC sought make

whole relief including, but not limited to, back wages, an equal sum in liquidated damages, and prejudgment interest, as well as injunctive and other affirmative relief. The Defendant filed its Answer on November 24, 2004, denying the allegations made by the EEOC in its Complaint. This agreement is not to be deemed or construed to be an admission of liability or wrongdoing by the Defendant but constitutes the good faith settlement of a disputed claim.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of the ADEA. This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the ADEA.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

### I. JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to Section 7(b) of the ADEA, which incorporates by reference Section 16(c) of the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. §216(c). The employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Southern District of Georgia.

## II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree, and the undertakings made by the Defendant hereunder, are in settlement and compromise of disputed claims, the validity of which the Defendant denies. Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendant. This agreement is not to be deemed or construed to be an admission by the Defendant that its officers, agent or employees have violated or have not been in compliance with the ADEA or any rules and regulations issued under or pursuant to the ADEA or any other applicable law, regulation or order, but constitutes the good faith settlement of a disputed claim.

## III. NON-RETALIATION PROVISION

The Defendant shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this lawsuit, the underlying charge of discrimination, or the Consent Decree. The

Defendant shall not retaliate or take any adverse action against Carl Box in the future because he filed a charge of discrimination or otherwise participated in the equal employment opportunity process.

## IV. TRAINING

Within ninety (90) days of the entry of this Decree, the Defendant shall hold, in a suitable place, a training session for all of its managers, and supervisors, who are employed at its Dublin, Georgia location. Said training session shall address the Defendant's and its manager's equal employment opportunity obligations pursuant to the ADEA, including, but not limited to, the Defendant's hiring obligations under the ADEA.

The Defendant shall notify the EEOC at least ten (10) days in advance regarding the date and time that the training contemplated by this Section IV will be accomplished by the Defendant. The Defendant shall provide written certification to the EEOC that it has complied with the training requirement pursuant to this Section IV within ten (10) days following completion of the training. The certification shall include the names and qualifications of the person(s) providing the instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.

## V. COMPLIANCE OFFICIAL

The Defendant has designated [name and title] as the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with the Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing the Defendants' compliance with the specific terms of the Consent Decree

## VII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify, by first class mail and facsimile, [Defendant's Compliance Official or other designee; mailing address] if it has any reason to believe that any action or omission by the Defendant is in violation of the Consent Decree. The Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney of the EEOC's Atlanta District Office, of the measures

taken to cure the alleged deficiencies. If upon receipt of the Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section VII, from being fully and completely processed in the manner described in this Section VII, even though the dispute is not resolved within thirty (30) days of the termination of this Consent Decree.

## VIII. <u>TERMS OF DECREE - PERIOD OF JURISDICTION</u>

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of six (6) calendar months immediately following

the entry of the Consent Decree, provided that all required training and certification are submitted at least thirty (30) days prior to the expiration date of the Consent Decree. If the required training is not conducted as agreed in the Consent Decree, the Consent Decree will be automatically extended until this provision is completed. Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree, and for any other appropriate or equitable purposes, for six (6) calendar months from the date of entry of this Consent Decree, unless the Court acts, or the Commission has, prior to the expiration of said six (6) month period, moved to enforce compliance with the Consent Decree. If this Court acts, or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the six (6) month period have been resolved.

## IX. OTHER ACTIONS

The Commission shall not commence or prosecute against the Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Charging Party's claim that he was not hired by Defendant in violation of the ADEA, as embodied in EEOC Charge Number 115-2003-00348, which was filed with, and investigated by, the EEOC's Savannah Local Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against the Defendant in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 216(c) and 217. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XII. COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs and attorneys' fees for this action. The parties hereto and the undersigned attorneys of record for the parties hereby, consent to the entry of the foregoing Consent Decree.

BY CONSENT:

For Plaintiff:

_____
S. ROBERT ROYAL
Georgia Bar No. 617505
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE - LEGAL UNIT
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818

For Defendant:

_____
Thomas F. Richardson
Georgia Bar Number 604325
Chambless, Higdon, Richardson, Katz &Griggs
577 Walnut Street, Suite 200
P.O. Box 246
Macon, Georgia 31202-0246
478-745-1181


APPROVED, DONE, and SIGNED this  1st  day of  August , 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Lakisha C. Duckett, Esq.
A. Victoria Johnson, Esq.
Thomas F. Richardson, Esq.
S. Robert Royal, Esq.

CASE NO: cv304-095

DATE SERVED: August 1, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate